IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

YVON THEMEUS, SR.,
    Petitioner,

vs.                                            Case No.: 5:15cv39/MW/EMT

IMMIGRATION AND CUSTOMS ENFORCEMENT,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1). Respondent filed a motion to dismiss (doc. 13). Petitioner responded in opposition to the motion (doc. 16).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be denied.

I.    BACKGROUND

Petitioner is a natural born citizen of Haiti (*see* doc. 13, Att. A). He came to the United States and received "lawful permanent resident" status on November 5, 1987 (*see id.*). On May 6, 2005, Petitioner was convicted in the Circuit Court for Hillsborough County, Florida, Case No. 2005-CF-006501, of trafficking in cocaine and conspiracy to traffic cocaine (*see* doc. 13, Att. C). He is currently an inmate of the Florida Department of Corrections ("FDOC"), housed at Apalachee Correctional Institution (*see id.*). On July 13, 2007, the Immigration and Naturalization Service of the Department of Justice, now Immigration and Customs Enforcement ("ICE"), lodged an

immigration detainer against Petitioner with the FDOC, requesting that the FDOC notify ICE at least thirty days prior to Petitioner's release and detain him for a brief period after release to allow ICE to assume custody (*see id.*). On September 7, 2010, a United States Immigration Judge issued a final removal order ordering that Petitioner be excluded and deported from the United States because of his criminal conviction (*see* doc. 13, Att. B).

Petitioner asserts due process challenges to the removal order and ICE detainer (doc. 1 at 3–9). He contends the removal order is unconstitutional because he is actually innocent of the state criminal conviction which was the basis of the removal order (*id.*). He contends the ICE detainer is precluding him from participating in prison programs, including work release (*id.* at 7). He also challenges his post-removal detention by ICE, pursuant to the detainer, under Zadvydas v. Davis, 533 U.S. 678 (2001) (*see id.* at 3, 5–6).

Respondent contends the court lacks jurisdiction to review Petitioner's claims, because Petitioner is not in ICE custody (doc. 13 at 4–6). Respondent additionally contends the REAL ID Act of 2005 precludes the district court's review of any claim arising from or relating to the implementation or operation of a removal order, *see* 8 U.S.C. § 1252 (*id.*). Respondent contends any challenge to Petitioner's post-release detention, pursuant to the ICE detainer, is not ripe for review, because Petitioner's 90-day "removal period" has not yet begun, pursuant to 8 U.S.C. § 1231(a)(2) (*id.* 6–8).

II.   ANALYSIS

Initially, a district court has no jurisdiction to consider the validity of the removal order in a habeas petition, because the REAL ID Act expressly provides that the proper vehicle for a challenge to a removal order is a petition for review filed directly with the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5). Therefore, this court has no jurisdiction to review Petitioner's challenges to the removal order.

Additionally, Petitioner's challenge to any post-release detention, pursuant to the ICE detainer, is not ripe for review. In order for the court to take jurisdiction over an action, an actual case or controversy must be present. Rizzo v. Goode, 423 U.S. 362, 372, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); O'Shea v. Littleton, 414 U.S. 488, 493–95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974); Johnson v. Sikes, 730 F.2d 644, 647 (11th Cir. 1984). Some "threatened or actual injury" must

exist as a result of the allegedly wrongful actions of the defendant. O'Shea, 414 U.S. 493 (citing Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)). This is because "[t]here must be a personal stake in the outcome such as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Id.* at 494. "Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." *Id.* Also to be considered are "prudential considerations" which require the court to abstain from rendering decisions that are premature or abstract or that "anticipate a question of constitutional law in advance of the necessity of deciding it." Sikes, 730 F.2d at 648–49 (quoting Ashwander v. TVA, 297 U.S. 288, 346, 56 S. Ct. 466, 80 L. Ed. 688 (1936)).

The undersigned agrees with Respondent that Petitioner's challenge to his future ICE detention is not ripe for adjudication. An alien who has been ordered removed shall be removed within a 90-day "removal period" that begins to run from the latest of:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). However, "[a]n alien ordered removed who is . . . removable under section . . . [§ 1227(a)(2)] . . . may be detained beyond the removal period . . ." 8 U.S.C. § 1231(a)(6). The Supreme Court has held that § 1231(a)(6) contains an implicit reasonableness limitation that "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 689, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). To that end, the Court held that six months is a presumptively reasonable period of time to detain an alien awaiting removal. 533 U.S. at 701. After six months, the alien may, in a § 2241 petition, "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . ." *Id.* Upon such a showing, the government has the burden of rebutting the alien's claim, although not every alien must

be released after six months, and "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*  The Eleventh Circuit has determined that, to state a claim under Zadvydas, an alien must show: (1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1051–52 (11th Cir. 2002) (per curiam).

In the instant case, Petitioner's removal period has not yet begun, and it will not begin until he is released from confinement in the FDOC.  Therefore, the issue of whether he will be removable to Haiti is not yet ripe for adjudication and must be dismissed.  *See, e.g.*, Caballero v. Dep't of Homeland Sec., No. 5:12cv197/MMP/EMT, 2012 WL 6756248, at *2–3 (N.D. Fla. Nov. 30, 2012) (unpublished) (habeas petitioner's claim under Zadvydas was not ripe, because 90-day removal period had not yet begun), *Report and Recommendation Adopted by* 2013 WL 26139 (N.D. Fla. Jan. 2, 2013); Gonzalez v. Immigration and Customs Enforcement, No. 5:12cv171/RS/EMT, 2012 WL 5448745, at *3 (N.D. Fla. Oct. 5, 2012 (unpublished) (same), *Report and Recommendation Adopted by* 2012 WL 5438939 (N.D. Fla. Nov. 7, 2012); Galiana v. Immigration and Customs Enforcement, No. 5:11cv255/MMP/EMT, 2012 WL 425910, at *3–4 (N.D. Fla. Jan. 11, 2012) (unpublished) (same), *Report and Recommendation Adopted by* 2012 WL 426003 (N.D. Fla. Feb. 10, 2012); Jean-Henriquez v. Dep't of Homeland Sec., No. 4:05cv304/MMP/WCS, 2006 WL 1687853, at *3 (N.D. Fla. June 15, 2006) (unpublished) (same).

With regard to Petitioner's due process challenge to the ICE detainer on the ground that it is precluding him from participating in prison programs and work release, the undersigned disagrees with Respondent's jurisdictional argument that Petitioner is not in custody of ICE.  It is well established that because a writ of habeas corpus functions to grant relief from unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner.  *See* 28 U.S.C. § 2241(c) ("the writ of habeas corpus shall not extend to a prisoner unless . . . (1) [h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof.").  It is also well settled in the Eleventh Circuit that the placement of an ICE detainer, alone, does not cause a petitioner to come within ICE's custody

for purposes of § 2241. *See* Orozco v. I.N.S., 911 F.2d 539, 541 (11th Cir. 1990); *see also* Gonzales–Corrales v. ICE, 522 F. App'x 619, 623 (11th Cir. 2013) (unpublished) (rejecting petitioner's claim that he was in ICE custody by virtue of an ICE detainer, where petitioner "did not allege that removal proceedings had commenced or that he had been taken into ICE custody"). However, the Eleventh Circuit has not expressly determined whether the placement of a detainer coupled with the existence of a removal order constitutes ICE "custody" for habeas purposes. There is a split of authority on this issue in other federal courts, with the majority of courts concluding that the placement of a detainer coupled with the existence of a final removal order constitutes ICE "custody" for habeas purposes. *Compare* Kumarasamy v. Attorney Gen. of U.S., 453 F.3d 169, 172–73 (3d Cir. 2006) (individual does not have to be in ICE's physical custody to satisfy "in custody" requirement; rather "in custody" requirement is satisfied when individual is subject to final order of removal; however, individual who has already been removed from United States at time he files habeas petition does not meet custody requirement); *and* Simmonds v. I.N.S., 326 F.3d 351, 354 (2d Cir. 2003) (alien in state prison challenging final removal order was in "constructive custody" for purpose of allowing habeas review of subsequent immigration detention), *and* Garcia-Echaverria v. U.S., 376 F.3d 507, 511 (6th Cir. 2004) (federal prisoner was in I.N.S. custody when he filed habeas petition challenging constitutionality of confinement, where final order of removal was in place); *and* Aguilera v. Kirkpatrick, 241 F.3d 1286, 1291 (10th Cir. 2001) (even though alien habeas petitioners were not being "detained," they were "in custody" for habeas purposes because they were subject to final deportation orders), *and* Mustata v. U.S. Dep't of Justice, 179 F.3d 1017, 1021 n.4 (6th Cir. 1999) (final deportation order places alien petitioner constructively "in custody" because of "the specialized meaning those words have in the context of an immigration-related habeas petition"), *and* Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995) (so long as alien petitioner is subject to a final order of deportation, he is deemed to be "in custody" for purposes of the Immigration and Nationality Act, and therefore may petition a district court for habeas review of the final deportation order); *and* Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) (I.N.S. detainer plus final order of deportation rendered alien "in custody" of I.N.S. for purposes of habeas review, where alien challenged final deportation order); *with* Richards v. Holder, No. 10-4128-ADM/JJK, 2011 WL 1302263, at *2 (D. Minn. Apr. 6, 2011) (rejecting state

inmate's argument that he was in federal custody at the time he filed his § 2241 petition because he was subject to a federal immigration detainer and final order of removal).

The undersigned concludes that the ICE detainer coupled with the final removal order renders Petitioner in the custody of ICE for purposes of § 2241(c), despite the fact that he is not in ICE's physical custody. However, Petitioner's due process challenge to the ICE detainer on the ground that it is precluding him from participating in prison programs and work release is without merit. Courts have held that changes in custody status, classification levels, or even certain privileges are generally not atypical deprivations which implicate a constitutionally protected liberty interest for due process purposes. *See* Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) (noting generally that prison transfers and changes in classification status do not require due process protections); *see also* Murdoch v. Washington, 193 F.3d 510, 513 (7th Cir. 1999) (inmates have no protected liberty interest in attending rehabilitation program); Wishon v. Gammon, 978 F. 2d 446, 450 (8th Cir. 1992) (inmates have no constitutional right to educational or vocational opportunities); Canterino v. Wilson, 869 F.2d 948, 952–54 (6th Cir. 1989) (inmates have no constitutionally protected liberty interest in study and work-release programs or custody classification); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (inmates have no federal right to particular inmate classification or eligibility for rehabilitative programs); Pugliese v. Nelson, 617 F.2d 916, 923 (2d Cir. 1980) (same); Marchesani v. McCune, 531 F.2d 459 (10th Cir. 1976) (inmates have no protected liberty interest in particular custodial classification, even if classification affects eligibility for preferred job assignments, transfers to less restrictive institutions, social furloughs, or early parole); *see also, e.g.*, Caballero v. Dep't of Homeland Sec., No. 5:12cv197/MMP/EMT, 2012 WL 6756248, at *3–4 (N.D. Fla. Nov. 30, 2012) (unpublished) (rejecting petitioner's due process challenge to ICE detainer, on the ground that it precluded him from obtaining a reduced custody status and rendered him unqualified for early release programs and work release, because detainer did not impose significant or atypical hardship in relation to ordinary incidents of prison life), *Report and Recommendation Adopted by* 2013 WL 26139 (N.D. Fla. Jan. 2, 2013); Gonzalez v. Immigration and Customs Enforcement, No. 5:12cv171/RS/EMT, 2012 WL 5448745, at *3–4 (N.D. Fla. Oct. 5, 2012 (unpublished) (same), *Report and Recommendation Adopted by* 2012 WL 5438939 (N.D. Fla. Nov. 7, 2012). In the instant case,

Petitioner failed to allege facts showing that the ICE detainer imposes a significant or atypical hardship on him in relation to ordinary incidents of prison life.  Therefore, he has failed to show a due process violation.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That the habeas petition (doc. 1) be **DENIED**.
2. That all pending motions be **DENIED** as moot.
3. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 9th day of June 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**